# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEANETTE R. TRIPLETT** | * | |
| **Plaintiff** | * | **CASE NO.** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **DOLGENCORP, LLC,** | * | **MAGISTRATE** |
| **LAPALCO TEC DG, LLC, and TIA SMALLS** | * | |
| **Defendants** | * | **A JURY IS DEMANDED** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:  The Honorable Judges
     of the United States District Court
     for the Eastern District of Louisiana

Defendant, **DG LOUISIANA, LLC** ("Defendant"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

On October 5, 2018, the attached Petition for Damages was filed in Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Jeanette R. Triplett v. Dolgencorp, LLC, Lapalco TEC DG, LLC, and Tia Smalls,* bearing case number 2018-10030.[1]  Dolgencorp, LLC was served with the Petition on October 23, 2018. Lapalco TEC DG, LLC was served with the Petition on October 15, 2018, and Tia Smalls was served with the Petition on October 19, 2018.

---

[1] *See* Petition for Damages, attached as Exhibit "A".

1

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on June 23, 2018 at the Dollar General store located at 2101 Lapalco Boulevard, Harvey, Louisiana, where she alleges a "store shelf holding merchandise fell on top of [her]."[2] The Petition for Damages does not contain any information that would put Defendant on notice that the potential amount in controversy for this matter exceeds $75,000.00, exclusive of interest or costs.

3.

On April 11, 2019, Plaintiff responded to Defendant's discovery requests.[3] In an answer to an Interrogatory, Plaintiff stated her damages exceed $75,000.00.[4] This matter was not removable at that time because complete diversity did not exist as Louisiana Defendant Lapalco TEC DG, LLC was still a party.[5]

4.

On April 16, 2019, Plaintiff filed the attached First Amending and Supplemental Petition for Damages, amending her original Petition for Damages to substitute DG Louisiana, LLC as a defendant in this matter in the place of the incorrectly styled defendant, Dolgencorp, LLC.[6]

5.

On June 28, 2019, a hearing was held in Civil District Court for the Parish of Orleans on a Motion for Summary Judgment filed by Lapalco TEC DG, LLC.[7] Lapalco TEC DG, LLC's Motion for Summary Judgment was granted, and Lapalco TEC DG, LLC was dismissed with prejudice.[8]

---

[2] *See* Exhibit "A", ¶ 4.
[3] *See* Plaintiff's Discovery Responses, attached as Exhibit B.
[4] *See* Exhibit B at Interrogatory 29.
[5] *See* Exhibit A.
[6] *See* First Amending and Supplemental Petition for Damages, attached as Exhibit "C".
[7] *See* Judgment on Lapalco TEC DG, LLC's Motion for Summary Judgment, attached as Exhibit "D".
[8] *Id.*

The Judgment on Lapalco TEC DG, LLC's Motion for Summary Judgment was signed on July 11, 2019.[9] This matter first became removable upon the signing of this Judgment.

6.

Pursuant to 28 U.S.C.A. 1446(b)(3) "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, removal is timely because it was filed within 30 days of receipt by Defendants of the July 11, 2019 Judgment that dismissed Louisiana Defendant Lapalco TEC DG, LLC from the case.

7.

For purposes of determining whether this Court has original jurisdiction for this action under 28 U.S.C. §1332, this Court should ignore the citizenship of Tia Smalls because Tia Smalls was a non-diverse defendant fraudulently joined for the sole purpose of defeating diversity.

8.

Fraudulent joinder can be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[10] Here, Plaintiff cannot establish a cause of action against Tia Smalls as an employee of DG Louisiana, LLC because Plaintiff has not alleged and cannot show Tia Smalls had a personal duty toward Plaintiff, the breach of which specifically caused her damages.

---

[9] *Id.*
[10] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 18 F.3d 694, 698 (5th Cir. 1999)).

9.

The Louisiana Supreme Court sets forth four criteria necessary for a store manager to be found liable for an invitee's injury.[11]  The fourth factor mandates that personal liability cannot be imposed on an employee who has a "general administrative responsibility for performance of some function of the employment."[12]  Rather, the employee "must have a personal duty toward the injured plaintiff, breach of which specifically has caused the plaintiff's damages."[13]

10.

Neither the Original Petition for Damages nor the First Amending and Supplemental Petition for Damages contain any specific allegations that Tia Smalls had a personal duty toward Plaintiff, the breach of which specifically caused Plaintiff's damages. Rather, both Petitions for Damages assert identical allegations of negligence against Tia Smalls as were asserted against Dolgencorp, LLC, DG Louisiana, LLC, and Lapalco TEC DG, LLC: negligence under Articles 2315, 2322, and 660 of the Louisiana Civil Code and;

> failing to properly maintain their property, failing to maintain the building and adjacent area in a safe condition, failing to take all precautions such as to avoid this accident, failing to discovery and correct an existing dangerous condition, failing to provide business invitees, such as Petitioner, with a safe place to walk, failing to maintain the property in accordance with Municipal, State, and other applicable codes, failing to maintain the property in good working condition, giving express or implied authorization to unsafe practices, failing to properly train and supervise employees whose

---

[11] *Canter v. Koehring*, 283 So.2d 716, 721 (La. 1973).
[12] *Id.* at 716; *See also Bertrand v. Fischer*, 2009 WL 5215988 at *5 (W.D. La. 2009).
[13] *Id.* at 721.

responsibility it is to provide security to business invitees such as Petitioner, and any and all other acts of negligence and omissions that will be discovered and shown at the trial of this matter.[14]

11.

The amount in controversy is met because Plaintiff stated in an answer to an Interrogatory that her damages exceed $75,000.00.[15] "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith."[16] Here, there is no evidence to suggest Plaintiff's answer regarding the value of her damages was made in bad faith. Additionally, there is no evidence to suggest, let alone establish to a legal certainty, that the claim is really for less than the jurisdictional amount. Further evidence that the amount in controversy exceeds $75,000.00 can be seen in both of Plaintiff's Petitions for Damages, where Plaintiff alleges she suffered "severe injuries to the structure, tissue, and muscles of his (sic) body, which include, but are not limited to, face, head, arm, back, shoulder, and back injuries."[17] Plaintiff seeks recovery for a multitude of damages, including;

past, present, and future physical pain, suffering, and loss of function; past, present, and future mental pain, anguish, and suffering; past, present, and future medical expenses; past, present and future loss of wages; permanent disability to the musculature, ligaments, and bones of the body and permanent scarring and disfigurement.[18]

---

[14] *See* Exhibit A, ¶ 5-6; Exhibit C, ¶ 5-6.
[15] *See* Exhibit B at Interrogatory 29.
[16] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[17] *See* Exhibit A, ¶ 7; Exhibit C, ¶ 7.
[18] *See* Exhibit A, ¶ 8; Exhibit C, ¶ 8.

These allegations and Plaintiff's Interrogatory response show that the amount in controversy is greater than $75,000.00, exclusive of interest and costs.

12.

Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

A.      The properly joined parties to this action are completely diverse:

1.      Plaintiff, Jeanette R. Triplett, is a person of full age of majority and a domiciliary of the Parish of Jefferson, State of Louisiana; and

2.      DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC, whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.

B.      The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. As is proper under Louisiana law, the petition does not specify an amount of damages sought. However, Plaintiff claims that her damages exceed $75,000.00. Specifically, Plaintiff answered an Interrogatory by stating her damages exceed $75,000.00, exclusive of interest and costs.[19]

13.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

---

[19] *See* Exhibit C at Interrogatory 29.

14.

The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).   Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

15.

DG Louisiana, LLC prays for a jury trial on all issues.


**WHEREFORE**, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed therefrom to this Honorable Court.  DG Louisiana, LLC additionally prays for a jury trial on all issues.


**Respectfully submitted,**


_/s/ Colin L. Casciato_
TREVOR C. DAVIES (#32846)
COLIN L. CASCIATO (#38158)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via the Court's CM/ECF electronic filing system this 26th day of July, 2019.


/s/ *Colin L. Casciato*