UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANETTE R. TRIPLETT | CIVIL ACTION |
| VERSUS | NO. 19-11896 |
| DG LOUISIANA, LLC AND TIA SMALLS | SECTION: M (3) |

**ORDER & REASONS**

Before the Court is a motion to remand this matter to the Civil District Court, Parish of Orleans, State of Louisiana ("CDC"), filed by plaintiff Jeanette Triplett,[1] to which defendant DG Louisiana, LLC ("Dollar General") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court concludes that the motion should be denied because Triplett does not have a cognizable claim against the non-diverse defendant, Tia Smalls.

**I.  BACKGROUND**

This case involves personal injuries allegedly caused by a falling store shelf. On June 23, 2018, Triplett was shopping at a Dollar General store in Harvey, Louisiana.[3] Smalls was the store manager.[4] Triplett alleges that while she was shopping a store shelf holding merchandise fell on top of her.[5] Triplett claims that she sustained injuries to her head, face, arm, neck, shoulders, and back as a result of the incident.[6]

---

[1] R. Doc. 8.
[2] R. Doc. 9.
[3] R. Doc. 1-2 at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.*

On October 5, 2018, Triplett filed the instant action in state court against Dolgencorp, LLC ("Dolgencorp"), Lapalco TEC DG, LLC ("Lapalco"), and Smalls, seeking damages for the injuries she allegedly sustained as a result of the June 23, 2018 incident.[7] On April 15, 2019, Triplett filed a first supplemental and amended petition of damages in CDC to substitute Dollar General in place of the "incorrectly styled" defendant, Dolgencorp.[8] Triplett alleged that her injuries were caused by "the condition of the building" which "rendered the premises defective, ruinous, and hazardous to business invitees" such as her.[9] Triplett further alleged that Dollar General, Smalls, and Lapalco (1) were negligent under Louisiana Civil Code article 2315; (2) are strictly liable for the care, custody, and control of the Harvey store; (3) are liable for the damages caused "by the ruin of the subject building" per article 2322 and article 660 of the Louisiana Civil Code; (4) are vicariously liable for the negligence of their employees, agents, and/or subcontractors under *respondeat superior*; and (5) are liable for breaching their duty of care to Triplett.[10]

On June 28, 2019, the state court held a hearing on a motion for summary judgment filed by Lapalco.[11] The court granted the motion for summary judgment, dismissing Triplett's claims against Lapalco with prejudice.[12]

Having received in the interim Triplett's discovery responses indicating there is more than $75,000.00 in controversy, Dollar General removed this action to this Court alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[13] Dollar General asserts that complete diversity exists between the properly joined parties, because it is a citizen of Tennessee and Triplett

---

[7] R. Doc. 1-1 at 1-2.
[8] R. Doc. 1-3 at 1.
[9] *Id*. at 2.
[10] *Id*. at 2-3.
[11] R. Doc. 1-4 at 1.
[12] *Id*.; R. Doc. 1 at 2-3.
[13] R. Doc. 1 at 2-3 & 6.

2

is a citizen of Louisiana.[14] Dollar General contends that, although Smalls is a citizen of Louisiana, her citizenship should not be considered for the purpose of determining diversity subject-matter jurisdiction because Triplett has no basis for recovery against Smalls.[15] Thus, according to Dollar General, Triplett improperly joined Smalls to defeat federal diversity subject-matter jurisdiction.[16]

## II. PENDING MOTION

On August 23, 2019, Triplett filed the instant motion to remand arguing that Smalls is properly joined, and as a result, this Court lacks diversity subject-matter jurisdiction.[17] Triplett insists she stated a claim against Smalls for negligence by alleging that Smalls owed a duty of care to Triplett which she breached.[18]

Dollar General opposes the motion arguing that Smalls is improperly joined in that Triplett has not properly stated a claim for negligence against Smalls. In particular, Dollar General argues that Triplett has not made "any specific allegations that Tia Smalls had a personal duty toward [her], the breach of which specifically caused [her] damages," and that Triplett "seeks to impose personal liability on Smalls because of her general administrative responsibility."[19] Dollar General points out that Triplett "has not alleged that Tia Smalls herself improperly stocked or set up the store shelf that fell."[20] Dollar General argues that, as a result, Smalls is improperly joined.

In opposing the motion, Dollar General submits excerpts from Smalls' deposition, in which she testified that the shelves were already in place when she became manager, she did not know when the shelves were put in place, and she was not aware of any prior incidents involving the

---

[14] *Id*. at 6.
[15] *Id*. at 3.
[16] *Id*.
[17] R. Doc. 8-1.
[18] *Id*. at 6.
[19] R. Doc. 9 at 2.
[20] *Id*. at 3.

shelves falling or coming out of place.[21] Smalls also testified that she was not present in the store when the incident occurred, and her "entire involvement" with the incident consisted of two telephone conversations with an on-duty store employee who inquired about the incident report form, and that the next morning Smalls reported for her shift and ensured the shelf was securely in place.[22]

## III.   LAW & ANALYSIS

### A.   Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446 (b)(3). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

### B.   Improper Joinder

Pursuant to § 1332, a federal court may exercise diversity subject-matter jurisdiction "over a civil action between citizens of different States if the amount in controversy exceeds $75,000." *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016). There must be complete diversity between the parties, meaning that no plaintiff may be a "citizen of the same State as any defendant." *Id.* at 136.

---

[21] *Id*. at 6-7; R. Doc. 9-3 at 8-9.
[22] R. Doc. 9 at 7; R. Doc. 9-3 at 10-11.

4

Section 1441(b)(2) permits a defendant to "remove a case from state court to federal court on the basis of diversity jurisdiction so long as none 'of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018) (quoting 28 U.S.C. § 1441(b)(2); citing *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017)). However, the lack of complete diversity will not render an action non-removable if a party has been improperly joined. *Id.* Instead, if a "plaintiff improperly joins a non-diverse defendant, ... the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136. The defendant can demonstrate improper joinder by showing either: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[23] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)). The improper joinder doctrine is a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).

"Under the second prong (inability to establish a cause of action), the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Id.* (quoting *Ross v. Citifin., Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross*, 344 F.3d at 462 (emphasis in original).

---

[23] Dollar General does not allege that Triplett committed actual fraud in pleading the jurisdictional facts. *See* R. Doc. 1. Hence, only the second prong of the test for improper joinder is at issue in this case.

In *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), the Fifth Circuit explained the procedure used by courts to determine whether a plaintiff improperly joined a non-diverse defendant. A court first looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant," and "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* at 573. However, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder … the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The Fifth Circuit "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. In conducting such an inquiry, the district court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citations omitted). Further, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id.* (citation omitted).

Triplett argues that Smalls "may be held personally liable" to Triplett if Dollar Tree delegated to Smalls "any of the duties listed" by Triplett, and "[Smalls] breached that duty, thereby causing [Triplett's] damages."[24] Triplett asserts that several of Small's duties, "including hiring and training new employees, stocking and resetting store shelves, and conducting daily store walks" were delegated to Smalls by Dollar General, and "clearly fall within the scope of the breaches" alleged by Triplett."[25] Therefore, according to Triplett, if Smalls "breached any of those duties through her own personal fault, she may be held personally liable for Plaintiff's resulting damages."[26]

---

[24] R. Doc. 8-1 at 6.
[25] *Id.*
[26] *Id.*

Dollar General, on the other hand, asserts that Triplett "has not alleged or shown that Tia Smalls had a personal duty toward Plaintiff, the breach of which specifically caused Plaintiff's damages."[27] According to Dollar General, Triplett has neither shown nor alleged that Smalls "herself set up the allegedly defective shelves, or that she knew the shelves were defective and failed to correct them."[28] Dollar General points out that there is no allegation or evidence to show that Smalls "improperly stocked the shelves," arguing that Triplett "seeks to impose personal liability on Ms. Smalls because of her general administrative responsibility."[29]

Dollar General further points out that Triplett's complaint "assert[s] identical allegations of negligence against Tia Smalls as were asserted against" Dollar General, Dolgencorp, and Lapalco.[30] Thus, according to Dollar General, because Triplett does not make any specific allegations that Smalls in fact breached a duty through personal fault, she cannot be held personally liable.[31]

Indeed, Triplett's only allegations of Smalls's negligence appear in a blanket list directed indiscriminately towards Smalls, Dollar General, Dolgencorp, and Lapalco.[32] According to Triplett, all defendants are alleged to have breached their duty of care to Triplett by:

A. Failing to properly maintain their property;

B. Failing to maintain the building and adjacent area in a safe condition;

C. Failing to take all precautions such as to avoid this accident;

D. Failing to discover and correct an existing dangerous condition;

E. Failing to provide business invitees, such as [Triplett], with a safe place to walk;

F. Failing to maintain the property in accordance with Municipal, State, and

---

[27] R. Doc. 9 at 5.
[28] *Id.*
[29] *Id.* at 5-6.
[30] *Id.* at 2-3; R. Docs. 1-1; 1-3.
[31] R. Doc. 9 at 7.
[32] R. Docs. 1-1 at 3; 1-3 at 3.

7

>
> other applicable codes;
>
> G. Failing to maintain the property in good working condition;
>
> H. Giving express or implied authorization to unsafe practices;
>
> I. Failing to properly train and supervise employees whose responsibility it is to provide security to business invitees such as [Triplett];
>
> J. Any and all other acts of negligence and omissions that will be discovered and shown at the trial of this matter.[33]

"The circumstances under which a corporate officer or employee can be held individually liable for injuries to third persons under Louisiana law were explained in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)." *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994). The Louisiana Supreme Court "recognized that liability may be imposed on such individuals where the duty breached arises solely because of the employment relationship," *id.* at 936, if the following four criteria are met:

> 1. The employer owes a duty of care to the plaintiff and the breach of that duty caused plaintiff's injury;
>
> 2. The duty is delegated by the employer to the defendant employee;
>
> 3. The defendant employee has breached this duty through personal (as contrasted with technical or vicarious) fault, including the failure to remedy a risk the employee knew or should have known about; and
>
> 4. Personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for performance of some function of employment; rather, he or she must have a personal responsibility creating a duty to the plaintiff that was not delegated to some other employee. If that responsibility was delegated to another employee, the defendant is not liable for its breach unless he or she knows or should know of its non-performance or mal-performance and still fails to remedy the risk of harm.

*See Canter*, 283 So.2d at 721; *Ford*, 32 F.3d at 936. Thus, in order for Smalls, the store manager, to be liable to a third person like Triplett, Triplett "must demonstrate that [Smalls] breached an

---

[33] *Id.*

8

independent, personal duty" to Triplett. *Black v. Lowe's Home Centers, Inc.*, 2010 WL 4790906, at *2 (M.D. La. Oct. 22, 2010) (citing *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 958 (M.D. La. 1995); *Ford*, 32 F.3d at 935-36; *Canter*, 283 So.2d at 721).

Applying the *Canter* test in similar cases, courts have denied motions to remand on the basis of improper joinder, finding that the plaintiff sought to impose liability based on the store manager's general administrative duties, rather than a personal duty. For example, in *Giles v. Wal-Mart Louisiana LLC*, the plaintiff, who was injured after a slip and fall in the store parking lot, alleged that the store manager "had care, custody and control and/or was responsible for providing and supervising the premises," and plaintiff's petition included "a boilerplate list of alleged negligent acts committed by all [d]efendants." 2016 WL 2825778, at *3 (E.D. La. May 13, 2016). The court found the plaintiff's allegations to be generic and did "not entail a personal duty to ensure [p]laintiff's safety." *Id.* at *4. Further, the court found plaintiff's allegation of all defendants having "actual or constrictive knowledge of the allegedly dangerous condition" to be "a conclusory allegation" that "does not amount to an allegation that [the store manager] personally knew of the allegedly dangerous hole in the parking lot." *Id.* (internal quotations omitted). The court explained this was "'a classic case of attempting to place liability upon an employee simply because of his general administrative responsibility for performance of some function of employment.'" *Id.* (quoting *Rushing v. Wal-Mart Stores, Inc.*, 2015 WL 1565064, at *4 (E.D. La. Apr. 8, 2015)). As a result, the *Giles* court held that because the plaintiff could not recover against the store manager under Louisiana law, the store manager was improperly joined. Other courts, reasoning likewise, have routinely reached this same result, holding that the store manager or employee will not be held liable to the plaintiff-customer.[34]

---

[34] *See, e.g., Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 1572078, at *3 (E.D. La. Apr. 19, 2016) (holding that plaintiff failed to state a claim against store manager because plaintiff alleged neither that manager owed a "personal, independent duty" towards plaintiff nor that manager "breached such duty through *personal*, rather than *technical* or *administrative*, fault.") (emphasis in original); *Gautreau v. Lowe's Home Ctr., Inc.*, 2012 WL 7165280, at *4 (M.D. La. Dec. 19, 2012), *adopted*, 2013 WL 636823 (M.D. La. Feb. 20, 2013) (holding that plaintiff injured by

Triplett has no reasonable possibility of prevailing on her claim against Smalls. Triplett makes no allegation of any responsibility personal to Smalls giving rise to a personal duty, nor any allegation of personal fault. Instead, the allegations lump Smalls in with defendant Dollar General in claiming breaches of general administrative duties. It is not enough that Triplett alleges that Dollar General delegated general administrative duties to Smalls when Triplett has not demonstrated that Smalls owed her a personal duty or caused harm through personal fault.[35]

Moreover, beyond the pleadings, Dollar General has demonstrated a lack of evidence to support the claim that Smalls owed a personal duty to Triplett. In her deposition, Smalls testified that when she began her job as general manager, the shelves were already in place, and she does not know when the shelves were put in place.[36] There is no evidence that Smalls put the shelves in place or trained the employee who did so.[37] Further, Smalls testified that she was not present in the store when the incident occurred, nor did she work that day.[38] Hence, Smalls could not have

---

merchandise that fell from a store shelf failed to demonstrate that the manager "actively contributed to or had any personal knowledge of a harmful condition sufficient to create a personal duty owed to her" where manager neither constructed nor configured the shelf and had no knowledge of any issue with the shelf prior to the accident); *Black*, 2010 WL 4790906, at *3 (holding that plaintiff failed to state a claim against store manager where plaintiff did not allege the manager "had any personal involvement in the events leading up to [plaintiff's] accident or that any action by him individually caused the accident" and manager was not present in the store on the date of the accident); *Carter v. Wal-Mart Stores Inc.*, 2005 WL 1831092, at *2-3 (W.D. La. July 28, 2005) (holding that plaintiff injured by falling display rack failed to state a claim against store manager because plaintiff did not allege the manager "actively caused any harm" and "generically allege[d] the manager was responsible for training other store employees and implementing procedures for others to follow," neither of which entailed a personal duty; and explaining that because the plaintiff did not identify "the individual who actually installed the shelf," plaintiff could "draw no link between [the store manager] and that employee"); *Brady*, 907 F. Supp. at 959-60 (holding that plaintiff injured by falling boxes failed to state a claim against store manager because plaintiff did not allege the manager "was the employee who stacked the boxes improperly or who personally caused the accident"); *Scott v. Wal-Mart*, 1991 WL 94182, at *2 (E.D. La. May 28, 1991) (holding that plaintiff failed to state a claim against store manager where plaintiff presented "no allegations that the defendant personally caused the accident or owed any personal duty to the plaintiff" and court found the defendant "was simply the manager of the store in question"); *Tudbury v. Galloway*, 1991 WL 112013, at *2-3 (E.D. La. June 14, 1991) (holding that plaintiff injured when he slipped and fell in a store failed to state a claim against store manager where plaintiff did not allege the manager "caused the spill or saw the spill and neglected to clean it"); *Smith v. Armstrong*, 1991 WL 6132, at *2-3 (E.D. La. Jan. 15, 1991) (holding that plaintiff injured by falling boxes failed to state a claim against store manager where plaintiff did not allege the manager "was the employee who stacked the boxes of trucks improperly" but instead sought to impose liability for breaches of general administrative duties).

[35] R. Doc. 8-1 at 6.
[36] R. Doc. 9-3 at 8.
[37] *Id.*; R. Doc. 9 at 6.
[38] R. Doc. 9-3 at 6-7.

seen any defect in the condition of the shelf on one of her "store walks."[39] In addition, Smalls testified that she was not aware of any previous incidents involving any of the store shelves falling or coming out of place.[40] Triplett has come forward with no evidence to contradict Smalls' testimony. Therefore, Triplett has not made and, on the record before the Court, cannot make any specific allegations that Smalls in fact breached any personal duty or caused Triplett's injuries through her personal fault.[41]

In short, Dollar General has carried its burden of demonstrating that Triplett cannot prevail on her negligence claim against Smalls, and thus the Court concludes that Smalls was improperly joined. As a result, the properly joined parties are completely diverse, and this Court has subject-matter jurisdiction under § 1332.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Triplett's motion to remand is DENIED.

IT IS FURTHER ORDERED that Triplett's claims against Smalls are DISMISSED with prejudice.

New Orleans, Louisiana, this 18th day of October, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[39] R. Doc. 9 at 6.
[40] R. Doc. 9-3 at 9.
[41] R. Doc. 9 at 7.

11