UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEANETTE R. TRIPLETT                                        CIVIL ACTION

VERSUS                                                      NO. 19-11896

DG LOUISIANA, LLC AND                                       SECTION: M (3)
TIA SMALLS

### ORDER & REASONS

Before the Court is a motion by defendant DG Louisiana, LLC ("Dollar General") for summary judgment.[1] Plaintiff Jeanette Triplett responds in opposition,[2] and Dollar General replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court concludes that the motion should be denied because there are genuine issues of material fact that preclude summary judgment.

**I.    BACKGROUND**

This case involves personal injuries allegedly caused by a falling store shelf. On June 23, 2018, Triplett was shopping at a Dollar General store in Harvey, Louisiana.[4] Triplett alleges that, while she was shopping, a store shelf holding merchandise fell on top of her.[5] At her deposition, Triplett described the accident as follows:

> … I was moving down the aisle, and as I reached up to see exactly what this item was, I saw that there was a hanging tag on it. It was a metal item. And I was like, "Oh, is this a banana holder? This looks unique for a banana holder." When I turned the dangling tag around to see what it was, that's when the shelf started falling from one side hitting my head, bounced on my shoulder, and then came down on my forearm pinning my arm to the shelf. As that was happening, at the same time the other end hit the floor.[6]

---

[1] R. Doc. 14.
[2] R. Doc. 15.
[3] R. Doc. 18.
[4] R. Doc. 1-3 at 2.
[5] *Id.*
[6] R. Doc. 15-4 at 2.

Triplett also testified that her daughter was the only other person in the aisle at the time, but she was not near Triplett when the accident happened.[7]

Triplett claims that she sustained injuries to her head, face, arm, neck, shoulders, and back as a result of the incident.[8] Triplett alleges that her injuries were caused by "the condition of the building" which "rendered the premises defective, ruinous, and hazardous to business invitees" such as her.[9] Triplett further alleges that Dollar General (1) was negligent under Louisiana Civil Code article 2315; (2) is strictly liable for the care, custody, and control of the Harvey store; (3) is liable for the damages caused "by the ruin of the subject building" under articles 2322 and 660 of the Louisiana Civil Code; (4) is vicariously liable for the negligence of its employees, agents, and/or subcontractors under *respondeat superior*; and (5) is liable for breaching its duty of care to Triplett in the maintenance of the property and its failure to discover and correct the dangerous condition, among other things.[10]

## II.   PENDING MOTION

Dollar General filed the instant motion for summary judgment arguing that Triplett cannot meet her burden of proof under La. R.S. 9:2800.6(B), which governs premises liability for merchants.[11] Specifically, Dollar General argues that Triplett has no evidence that Dollar General either created or had actual or constructive notice of the condition that allegedly caused the accident or that Dollar General failed to exercise reasonable care in creating or failing to remedy the allegedly dangerous condition.[12]

---

[7] *Id.* at 5-7.
[8] R. Doc. 1-3 at 2.
[9] *Id.*
[10] *Id.* at 2-3.
[11] R. Doc. 14-2 at 6-11.
[12] *Id.*

In opposition, Triplett argues that La. R.S. 9:2800.6(A) applies to this "falling merchandise" case, not subsection (B), which applies to a customer slip and fall.[13] Triplett contends that Dollar General is not entitled to summary judgment under the applicable standard because there is evidence that neither Triplett nor another customer made the merchandise fall, and there are disputed issues of fact regarding whether Dollar General's negligence caused the accident, particularly considering that Dollar General's employees sometimes move and reset the shelves.[14]

Dollar General filed a reply memorandum in which it reiterates its belief that La. R.S. 9:2800.6(B), not subsection (A), applies to this case. Dollar General contends that La. R.S. 9:2800.6(A)'s application is confined to falling merchandise cases, and this is a falling shelf case.[15] Alternatively, Dollar General argues, without supporting analysis, that Louisiana Civil Code article 2315 or 2317 applies.[16] According to Dollar General, Triplett cannot prevail under La. R.S. 9:2800.6(B), or either cited article of the Louisiana Civil Code, because all three theories of liability would require Triplett to present evidence that Dollar General had prior knowledge of the alleged condition, and she has no such evidence.[17] Further, Dollar General argues that, if La. R.S. 9:2800.6(A) applies, Triplett has not satisfied her burden of demonstrating either that she did not cause the shelf to fall or that Dollar General's negligence was the cause of the accident.[18]

---

[13] R. Doc. 15-1 at 4-11.
[14] *Id.*
[15] R. Doc. 18 at 1-3.
[16] *Id.* at 3.
[17] *Id.*
[18] *Id.* at 3-6.

### III. LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may

not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Premises Liability

Section 9:2800.6 of the Louisiana Revised Statutes establishes the burden of proof in claims against merchants and provides in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained ***because of a fall*** due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >
> > (3) The merchant failed to exercise reasonable care. …

La. R.S. 9:2800.6 (emphasis added).

The Louisiana Supreme Court has held that the heightened burden under subsection B of § 2800.6 is applicable only when a customer *falls* on a merchant's property. *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000) (citing *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209 (La. 1999)). Indeed, the statutory language specifically limits its application to cases where a customer's damages are sustained "because of a fall." *See* La. R.S. 9:2800.6(B). On the other hand, La. R.S. 9:2800.6(A) applies in "falling merchandise" cases where "the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury." *Davis*, 774 So. 2d at 90. Dollar General insists, though, that this case is not a "falling merchandise" case, but instead, a falling shelf case, presumably relying on the shorthand label courts have used for these cases to urge, oddly, that this case is more properly analyzed under the slip-and-fall standard of subsection (B). However, a cursory examination of the "falling merchandise" line of cases reveals that it includes cases involving falling store shelves, signs, and displays, as well as falling merchandise. *See, e.g., Green v. K-Mart, Corp.*, 849 So. 2d 814, 822-24 (La. App. 2003) (applying La. R.S. 9:2800.6(A) when a shelf and merchandise fell and hit a customer); *Leonard v. Wal-Mart Stores, Inc.*, 721 So. 2d 1059,

1060-62 (La. App. 1998) (applying La. R.S. 9:2800.6(A) when a shelf sign and merchandise fell and hit a customer); *Hodges v. J.C. Penney Corp.*, 900 So. 2d 966, 968 (La. App. 2005) (applying La. R.S. 9:2800.6(A) when a customer was hit by a falling clothing rack, store equipment which is analogous to a shelf); *Caruso v. Academy Sports & Outdoors*, 271 So. 3d 355, 359-60 (La. App. 2019) (citing *Hodges* and applying La. R.S. 9:2800.6(A) when it was unknown whether the customer was hit with a falling shelf or falling merchandise or both).  This case does not involve a customer's slip and fall, as would trigger La. R.S. 9:2800.6(B), but involves a falling shelf, as triggers subsection (A).  Thus, this Court will apply La. R.S. 9:2800.6(A).

To prevail, a plaintiff must demonstrate that the premises had a hazard by showing that: (1) she did not cause the shelf or merchandise to fall; (2) another customer in the aisle at that moment did not cause the shelf or merchandise to fall; and (3) the merchant's negligence was the cause of the accident in that "either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall." *Davis*, 774 So. 2d at 90.  "Only when the customer has negated the first two possibilities *and* demonstrated the last will he or she have proved the existence of an 'unreasonably dangerous' condition on the merchant's premises." *Id.* (citation omitted; emphasis in original). "Once a plaintiff proves a *prima facie* premise hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures." *Id.* (citation omitted).

As discussed, Dollar General asks for summary judgment under La. R.S. 9:2800(B), which is not the standard applicable to a falling shelf case such as this one.  Dollar General argues, however, that even under subsection (A), Triplett cannot establish either that she did not cause the shelf to fall or that Dollar General did.  As proof, Dollar General cites the deposition testimony of

7

the store manager, Tia Smalls, who testified that the shelf had been in place for a year, and that of the sales associate who fixed the shelf after the incident, Aleisha Williams, who testified that the shelf was not broken.[19] Dollar General also points to Triplett's testimony that she did not know anything about the installation of the shelf.[20] Thus, Dollar General submits, it could only have been Triplett's act of looking at the merchandise that caused the shelf to fall.[21]

In her opposition memorandum, Triplett marshals enough evidence to place these facts in dispute and thereby defeat summary judgment. Triplett cites her deposition testimony to support her position that neither she nor another customer made the shelf fall.[22] She also cites Smalls's testimony that the shelves are removable and that Dollar General employees sometimes must move them for new displays when directed to do so by the corporate office.[23] Further, Triplett submits the affidavit of Mitchell A. Wood, her purported safety expert, in which he attests that it is unlikely Triplett's conduct, as she describes it, caused the shelf to fall, but more likely that a Dollar General employee improperly reinstalled the shelf and did not check to make sure that it was locked into place.[24] Thus, it appears that Triplett can make out a *prima facie* case under La. R.S. 9:2800(A), and Dollar General has not attempt to satisfy its burden of exculpating itself from fault by showing, as undisputed fact, that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

---

[19] R. Doc. 18 at 3-6.
[20] *Id.*
[21] *Id.*
[22] R. Doc. 15-4 at 2 & 5.
[23] R. Doc. 15-5 at 5-7.
[24] R. Doc. 15-6 at 2-3.

IT IS ORDERED that Dollar General's motion for summary judgment (R. Doc. 14) is DENIED.

New Orleans, Louisiana, this 7th day of May, 2020.

                                              _____
                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE